# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STARTRAK INFORMATION TECHNOLOGIES, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>BLUE TREE SYSTEMS, INC.,<br><br>    *Defendant*. | CIVIL ACTION NO.<br><br>**DEMAND FOR JURY TRIAL BY JURY OF TWELVE** |

## COMPLAINT

Plaintiff StarTrak Information Technologies, LLC, for its Complaint against Blue Tree Systems, Inc., alleges as follows:

## PARTIES

1. StarTrak Information Technologies, LLC ("STIT") is a limited liability company formed under the laws of the State of Delaware, with its principal place of business at 395 W. Passaic Street, Suite 325, Rochelle Park, New Jersey 07662.

2. Defendant Blue Tree Systems, Inc. ("Blue Tree") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 313 Luck Avenue SW, Roanoke, Virginia 24016.  Blue Tree's registered agent for service of process in the State of Delaware is The Corporation Trust Company, 1209 North Orange Street, Wilmington, Delaware 19801.  Blue Tree does business throughout the country and in the State of Delaware and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This is a complaint for infringement of United States patents under 35 U.S.C. §§ 271 and 281.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

6. This Court has personal jurisdiction over Blue Tree because Blue Tree is a corporation organized under the laws of the State of Delaware, Blue Tree, on information and belief, has committed acts within Delaware that give rise to this action, and Blue Tree has established minimum contacts with the forum such that the exercise of jurisdiction over Blue Tree would not offend traditional notions of fair play and justice.

## PATENTS IN SUIT

7. On March 5, 2013, the United States Patent and Trademark Office issued U.S Patent No. 8,390,464 ("the '464 Patent") entitled *Integrating Refrigerated Transport Operations and Logistics by Creating Operational States via Wireless Communications*" to Timothy Slifkin, Thomas Robinson and Venkateswaran Karuppanan.  A copy of the '464 Patent is attached as Exhibit A.  The entire right, title and interest to the '464 Patent has been assigned to STIT.  STIT is the owner and possessor of all rights pertaining to the '464 Patent.

8. On September 18, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,292,724 ("the '724 Patent") entitled *Method of and System and Apparatus for Remotely Monitoring the Location, Status, Utilization and Condition of Widely Geographically Dispresed* [sic] *Fleets of Vehicular Construction Equipment and the Like and Providing and*

*Displaying such Information*" to Sheldon Apsell, Carlos A. Barberis, Thomas Alborough, George Shinopoulos and Steven Rothman.  A copy of the '724 Patent is attached as Exhibit B.  The entire right, title and interest to the '724 Patent has been assigned to STIT.  STIT is the owner and possessor of all rights pertaining to the '724 Patent.

## THE PRODUCTS AND SERVICES

9. STIT provides high-performance vertically integrated wireless information technology applications and solutions for the global transportation and maritime markets.

10. Through its branded service, ReeferTrak®, STIT serves in a global leadership role for providing wireless information technology solutions for the refrigerated transportation market.  ReeferTrak® is an information technology service for operators of refrigerated transportation equipment that utilizes wireless logistical, monitoring and control applications to improve operational efficiency and the delivery of temperature controlled goods.  Among other services, ReeferTrak® and its accompanying suite of data management services provide GPS tracking and monitoring, full two-way control and remote access functionality, and real-time monitoring of vehicle location, reefer temperatures, alarms, battery condition, fuel level, doors, and other features.

11. Each of the Patents in Suit is directed to a novel wireless and/or remote-based diagnostic monitoring system and methods used to monitor and report data from transport refrigeration units.

12. Each of the Patents in Suit is an invention embodied in STIT's ReeferTrak® service and/or accompanying suite of data management services.

13. Upon information and belief, Defendant Blue Tree manufactures, sells, and/or offers for sale at least the R:COM system, a fleet management system that utilizes wireless applications to control and monitor refrigerated transportation equipment.

14. Defendant Blue Tree is a competitor of STIT, and the two companies vie for the same customers. As such, Blue Tree has much to gain, and STIT has much to lose, if STIT's patents are infringed by Blue Tree.

## COUNT I
**(Infringement of the '464 Patent)**

15. STIT incorporates Paragraphs 1 through 14 as if fully set forth herein.

16. This cause of action for patent infringement arises under 35 U.S.C. § 271(a).

17. Upon information and belief, Defendant Blue Tree has directly infringed the '464 Patent by making, using, offering for sale, and/or selling in the United States, without authorization, monitoring and tracking systems for transport refrigeration units, including at least the R:COM system, which is covered by at least claims 1, 2, 3, 4, 6, 11, 12, 14, 15 and 16 of the '464 Patent.

18. As a result of Blue Tree's infringement of the '464 Patent, STIT has suffered irreparable harm for which STIT has no adequate remedy at law. Unless enjoined by this Court, Blue Tree's infringement will continue and result in further irreparable harm to STIT, a primary competitor in the marketplace.

19. Blue Tree's infringement of the '464 Patent has deprived, and will deprive, STIT of business, profits and/or royalties that it otherwise would have received.

## COUNT II
**(Infringement of the '724 Patent)**

20. STIT incorporates Paragraphs 1 through 19 as if fully set forth herein.

21. This cause of action for patent infringement arises under 35 U.S.C. § 271(a).

22. Upon information and belief, Defendant Blue Tree has directly infringed the '724 Patent by making, using, offering for sale, and/or selling in the United States, without authorization, monitoring and tracking systems for transport refrigeration units, including at least the R:COM system, which is covered by at least claims 2, 10 and 15 of the '724 Patent.

23. As a result of Blue Tree's infringement of the '724 Patent, STIT has suffered irreparable harm for which STIT has no adequate remedy at law.  Unless enjoined by this Court, Blue Tree's infringement will continue and result in further irreparable harm to STIT, a primary competitor in the marketplace.

24. Blue Tree's infringement of the '724 Patent has deprived, and will deprive, STIT of business, profits and/or royalties that it otherwise would have received.

## **PRAYER FOR RELIEF**

WHEREFORE, STIT demands judgment in its favor and against Blue Tree, and that this Court:

A. Preliminarily and permanently enjoin Blue Tree, its officers, directors, agents, and employees, and any person or entity in active concert or participation with any of them from infringing the '464 and '724 Patents;

B. Order Blue Tree to pay the damages recoverable by STIT under 35 U.S.C. § 284 as a result of the wrongful making, using, and/or selling of STIT's invention as claimed in STIT's '464 and '724 Patents, the exact extent of which cannot now be determined by STIT;

C. Award STIT money damages under 35 U.S.C. § 284 sufficient to compensate STIT for the financial damage caused by Blue Tree's infringement;

D. Award STIT reasonable attorney's fees under 35 U.S.C. § 285;

  E.  Award STIT its costs in bringing the above captioned action; and

  F.  Award STIT such other and further relief that may be authorized by statute or that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

STIT demands a trial by jury of twelve as to all issues so triable in this action.

Dated: July 3, 2013

*/s/ Joseph C. Schoell*
Joseph C. Schoell (I.D. No. 3133)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801
Telephone:  (302) 467-4200
Facsimile:  (302) 467-4201
joseph.schoell@dbr.com

*Of Counsel:*
Robert A. Koons, Jr.
Michael J. Burg, Jr.
Alexander M. Brodsky
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 977-2757
robert.koons@dbr.com
michael.burg@dbr.com
alexander.brodsky@dbr.com

*Attorneys for Defendant StarTrak Information Technologies, LLC*