IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STARTRAK INFORMATION TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 13-1182-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| BLUE TREE SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT BLUE TREE SYSTEMS, INC.'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Blue Tree Systems, Inc. ("Blue Tree"), by and through its undersigned

counsel, provides its answer and defenses to Plaintiff StarTrak Information Technologies, LLC's

("STIT") Complaint filed July 3, 2013 (D.I. 1, "Complaint") as follows:

**PARTIES**

1.      Blue Tree lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2.      Blue Tree admits that it is incorporated under the laws of the State of Delaware

and that it has a principal place of business at 313 Luck Avenue SW, Roanoke, Virginia 24016

and that its registered agent in the State of Delaware is The Corporation Trust Company, 1209

North Orange Street, Wilmington, Delaware 19801.  Paragraph 2 also states legal conclusions to

which no answer is required.  To the extent an answer is required, Blue Tree denies the

remaining allegations of paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      Blue Tree admits that STIT purports to assert a claim subject to the federal patent

statute.  Blue Tree lacks knowledge or information sufficient to form a belief as to whether STIT

has standing to assert such a claim and therefore denies that allegation. Further, paragraph 3 states legal conclusions to which no answer is required, but to the extent that an answer is called for, Blue Tree denies the remaining allegations of paragraph 3 of the Complaint, including any allegation of infringement.

4.      Paragraph 4 states legal conclusions to which no answer is required.

5.      Paragraph 5 states legal conclusions to which no answer is required.

6.      Blue Tree admits it is a corporation organized under the laws of the State of Delaware. Paragraph 6 also states legal conclusions to which no answer is required, but to the extent that an answer is called for, Blue Tree denies the remaining allegations of paragraph 6 of the Complaint, including any allegation of infringement.

## PATENTS IN SUIT

7.      Blue Tree admits that U.S. Patent Number 8,390,464 ("the '464 Patent") states on its face that it was issued on March 5, 2013, that it is entitled "Integrating Refrigerated Transport Operations and Logistics by Creating Operational States via Wireless Communications," and that it names Timothy Slifkin, Thomas Robinson and Venkateswaran Karuppanan as inventors. Blue Tree admits that STIT has attached as Exhibit A to the Complaint a purported copy of the '464 Patent. Blue Tree lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and therefore denies those allegations.

8.      Blue Tree admits that U.S. Patent Number 6,292,724 ("the '724 Patent") (together with the '464 Patent, "the patents in suit") states on its face that it was issued on September 18, 2001, that it is entitled "Method of and System and Apparatus for Remotely Monitoring the Location, Status, Utilization and Condition of Widely Geographically Dispresed [sic] Fleets of Vehicular Construction Equipment and the Like and Providing and Displaying such

2

Information," and that it names Sheldon Apsell, Carlos A. Barberis, Thomas Alborough, George Shinopoulos. and Steven Rothman as inventors. Blue Tree admits that STIT has attached as Exhibit B to the Complaint a purported copy of the '724 Patent. Blue Tree lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and therefore denies those allegations.

## THE PRODUCTS AND SERVICES

9.      Blue Tree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies those allegations.

10.     Blue Tree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations.

11.     Blue Tree denies the allegations of paragraph 11 of the Complaint.

12.     Blue Tree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies those allegations.

13.     Blue Tree admits that it manufactures, sells and/or offers for sale the R:COM system. The remaining allegations in paragraph 13 of the Complaint are vague and ambiguous and Blue Tree denies them at least on that basis.

14.     Blue Tree admits that, in some limited areas, Blue Tree may be a competitor of STIT. Blue Tree denies the remaining allegations of paragraph 14 of the Complaint.

## COUNT 1
### (Alleged Infringement of the '464 Patent)

15.     Blue Tree hereby incorporates its answers to foregoing paragraphs 1 through 14 as if each is set forth here in its entirety.

16.     Paragraph 16 states legal conclusions to which no answer is required.  To the extent an answer is required, Blue Tree denies the allegations of paragraph 16 of the Complaint, including any allegation of infringement.

17.     Blue Tree denies the allegations of paragraph 17 of the Complaint.

18.     Blue Tree denies the allegations of paragraph 18 of the Complaint.

19.     Blue Tree denies the allegations of paragraph 19 of the Complaint.

## COUNT II
### (Alleged Infringement of the '724 Patent)

20.     Blue Tree hereby incorporates its answers to foregoing paragraphs 1 through 19 as if each is set forth here in its entirety.

21.     Paragraph 21 states legal conclusions to which no answer is required.  To the extent an answer is required, Blue Tree denies the allegations of paragraph 21 of the Complaint, including any allegation of infringement.

22.     Blue Tree denies the allegations of paragraph 22 of the Complaint.

23.     Blue Tree denies the allegations of paragraph 23 of the Complaint.

24.     Blue Tree denies the allegations of paragraph 24 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

To the extent STIT's Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, Blue Tree denies each and every allegation of paragraphs A – F.  Specifically, Blue Tree denies that STIT is entitled to any such relief.  Blue Tree further denies that any conduct on its part subjects Blue Tree to liability for damages, a finding that this is an exceptional case, attorney's fees under 35 U.S.C. § 285, an accounting, pre-judgment or post-judgment interest, costs, expenses or any other form of relief.

## AFFIRMATIVE DEFENSES

Further answering STIT's Complaint and as additional defenses thereto, Blue Tree states the following affirmative and other defenses, without admitting any allegation of the Complaint and without altering any burdens of proof.

### FIRST AFFIRMATIVE DEFENSE –
### WAIVER, ACQUIESENCE, LACHES AND ESTOPPEL

1.     STIT's claims for damages, equitable relief and/or any other relief are barred in whole or in part, by the doctrines of waiver, acquiescence, laches, and equitable estoppel.

### SECOND AFFIRMATIVE DEFENSE –
### NONINFRINGEMENT

2.     Blue Tree has not infringed any valid enforceable claim of the patents in suit, either directly, by inducement or as a contributing infringer, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE –
### PROSECUTION HISTORY ESTOPPEL

3.     STIT's enforcement of the patents in suit is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE –
### FAILURE TO STATE A CLAIM

4.     The Complaint fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE –
### INVALIDITY

5.     The patents in suit are invalid at least in part because the patents do not satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103, and 112.

**SIXTH AFFIRMATIVE DEFENSE –**
**NO INJUNCTIVE RELIEF**

6.     STIT cannot show that it has suffered or will suffer any irreparable or immediate injury because of Blue Tree's alleged actions.

7.     STIT cannot show that, considering the balance of hardships between STIT and Blue Tree, a remedy in equity is warranted.

8.     STIT cannot show that the public interest favors an injunction against Blue Tree.

9.     STIT cannot meet the requirements for an injunction.  Accordingly, STIT is not entitled to an injunction.

**SEVENTH AFFIRMATIVE DEFENSE –**
**USE BY THE UNITED STATES GOVERNMENT**

10.     To the extent that any accused product or method has been used by or for the United States, STIT's claims and demands for relief are barred by 28 U.S.C. § 1498.

**EIGHTH AFFIRMATIVE DEFENSE –**
**STATUTE OF LIMITATIONS**

11.     Any claim for damages for infringement of the patents in suit is limited by 35 U.S.C. § 286.

**NINTH AFFIRMATIVE DEFENSE –**
**NO RECOVERY WHERE CLAIM IS INVALID**

12.     STIT's claims against Blue Tree for recovery are barred, in whole or in part, by 35 U.S.C. § 288.

**TENTH AFFIRMATIVE DEFENSE –**
**LIMITATION OF DAMAGES**

13.     Any claim for damages for infringement of the patents in suit is limited by 35 U.S.C. § 287.

## RESERVATION OF ADDITIONAL DEFENSES

14.     Blue Tree's investigation of this matter is ongoing.  Blue Tree is continuing to investigate facts including, for example, facts relating to the prosecution of the patents in suit. Blue Tree reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.  Blue Tree reserves its right to amend its answer and defenses.

## BLUE TREE'S REQUEST FOR RELIEF

WHEREFORE, Blue Tree respectfully requests that this Court enter judgment in favor of Blue Tree and against STIT as follows:

(a) That this Court dismiss with prejudice STIT's Complaint in its entirety and deny each request for relief made by STIT;

(b) That this Court find Blue Tree does not infringe, does not contribute to the infringement of, and does not induce others to infringe any valid and enforceable claim of United States Patent Nos. 8,390,464 and 6,292,724;

(c) That this Court find Blue Tree has not infringed, has not contributed to the infringement of, and has not induced others to infringe any valid and enforceable claim of United States Patent Nos. 8,390,464 and 6,292,724;

(d) That this Court find all the claims of United States Patent Nos. 8,390,464 and 6,292,724 are invalid;

(e) That this Court find United States Patent Nos. 8,390,464 and 6,292,724 are unenforceable against Blue Tree and its customers, vendors, affiliates, subsidiaries, officers, directors, agents, employees and/or attorneys;

(f) That this Court find this case is exceptional under 35 U.S.C. § 285;

(g) That this Court award Blue Tree its reasonable attorney fees pursuant to 35 U.S.C.

§ 285, other statutes or rules, or the general power of the Court; and

(h) That this Court award Blue Tree such other and further relief as the Court deems

just and proper.

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Blue Tree demands a trial by jury on all

issues so triable.

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Alan R. Silverstein (#5066)
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com
asilverstein@potteranderson.com

*Attorneys for Defendant*
*Blue Tree Systems, Inc.*

Dated:  October 30, 2013
1128204

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 30, 2013 the within document was filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading from CM/ECF.

I further certify that on October 30, 2013, the within document was sent to the following persons:

### BY E-MAIL

Joseph C. Schoell, Esq.
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Joseph.schoell@dbr.com

*Attorneys for Plaintiff*
*StarTrak Information Technologies, LLC*

Robert A. Koons, Jr., Esq.
Alexander M. Brodsky, Esq.
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Robert.koons@dbr.com
Alexander.brodsky@dbr.com

*Co-counsel for Plaintiff*
*StarTrak Information Technologies, LLC*

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com